UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAOWEI YANG,

    Plaintiff,

v.

    Case No. 23-cv-13001
    Honorable Linda V. Parker

SHENZHEN HONGFANGRUI
TECHNOLOGY CO., LTD., et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff initiated this copyright infringement action against Defendants on November 27, 2023. A day later, Plaintiff filed a motion for preliminary injunction. (ECF No. 5.) Nothing in the record suggests that Plaintiff has served or attempted to serve Defendants with a summons and a copy of the Complaint.

The validity of a court order depends on the court having jurisdiction over the subject matter and the parties. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982); *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (citing *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 903 (6th Cir. 2006)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987);

*Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 395 (6th Cir. 2021) (quoting *Omni Cap. Int'l*, 484 U.S. at 104) ("Over time, service of process became a prerequisite for obtaining authority over a defendant, making it appropriate to say that 'service of process conferred jurisdiction.'"); *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

Courts therefore have held that a plaintiff's failure to effectuate proper service on a defendant bars the issuance of a preliminary injunction. *See, e.g., Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969) (citation omitted) (It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."); *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir.1999) (service of process is a prerequisite to the issuance of an enforceable preliminary injunction); *Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *9 (E.D. Mich. Jan. 27, 2020) (collecting cases and recommending denial of the plaintiff's motion for a preliminary injunction without proper service on the defendant), *report & recommendation adopted in* 2020 WL 1866096 (E.D. Mich. Apr. 13, 2020); *Easterling v. Rive*, No. 2:19-469, 2019 WL 1338712, at *1 (S.D. Ohio Mar. 25, 2019) ("Because none of the defendants had

been properly served with process, the Court lacks personal jurisdiction over them and cannot grant the injunctive relief he seeks."); *3M Co. v. Christian Inv. LLC*, No. 1:11cv627, 2011 WL 3678144, at *3 (E.D. Va. Aug. 19, 2011) ("Although the case law is not entirely uniform, decisions in this circuit and the better reasoned decisions elsewhere point persuasively to the conclusion that service of process is a prerequisite to the issuance of an enforceable preliminary injunction."); *Schuh v. Mich. Dep't of Corr.*, 1:09-cv-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26, 2010), *report and recommendation adopted by* 2010 WL 3655654 (W.D. Mich. Sept. 16, 2010) ("When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required."); *Carty v. R.I. Dep't of Corr.*, 198 F.R.D. 18, 20 (D.R.I. 2000) ("When an injunction is sought, service of the summons and the complaint is required.  It is well settled that without service of process, this Court has no jurisdiction over the named defendants. Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process.").  Considering these decisions, this Court has included in its Practice Guidelines that "**Motions for preliminary injunction may not be filed until the opposing party is served with the summons and complaint** and will be stricken or denied without prejudice if prematurely filed."  See http://www.mied.uscourts.gov (emphasis in original).

At a minimum, Federal Rule of Civil Procedure 65 specifically provides that a "court may issue a preliminary injunction *only* upon notice to the adverse party."[1] Fed. R. Civ. P. 65(a)(1) (emphasis added). But there is no indication that Defendants have or will receive proper notice of Plaintiff's motion.[2]

---

[1] In comparison, Rule 65(b) empowers a court to issue a temporary restraining order ("TRO") without notice when the conditions for doing so are satisfied. *See* Fed. R. Civ. P. 65(b)(1). While TROs generally expire in 14 days, they may be extended if "good cause" is shown. Fed. R. Civ. P. 65(b)(2). District judges have found good cause to extend TROs where the defendants were citizens of a foreign country and service had to be accomplished pursuant to a mechanism that could take multiple months—as is often the case under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See, e.g., Almetals, Inc. v. Wickeder Westfalenstahl, GMBH*, No. 08-10109, 2008 WL 624067, at *2-3 (E.D. Mich. Mar. 6, 2008); *Samsung Elec. Co. v. Early Bird Sav.*, No. 13-cv-3105, 2014 WL 324558, at *2 (S.D. Cal. Jan. 27, 2014) (citing *H.D. Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 826 (7th Cir. 2012)); *H.D. Mich., LLC v. Hellenic Duty Free Shops S.A.*, No. 2:11-cv-00742, 2011 WL 4368418, at *1 (E.D. Wis. Sept. 19, 2011), *aff'd* 694 F.3d 826 (7th Cir. 2012) (collecting cases). Plaintiff, however, has not sought and obtained a TRO. Additionally, in comparison to these cases, notice to Defendants of the action and/or motion has not been shown, any efforts to effectuate service under Federal Rule of Civil Procedure 4 have not been shared with the Court, and there has been no representation that service cannot be expeditiously accomplished.

At least one court also has noted that Article 15 of the Hague Convention "allow[s] interim relief in cases of urgency, pending service under the Hague Convention." *NOCO Co. v. Liu Chang*, No. 1:18-cv-2561, 2019 WL 213665, at *5 n. 23 (N.D. Ohio May 16, 2019). Plaintiff's have not sought relief pursuant to the article, however, and would have to show that it would be proper for the Court to issue a preliminary injunction pursuant to it.

[2] In the motion, Plaintiff indicates that it "has discovered what is believed to be the Defendants' email address at Amazon" and "Defendants' contact email addresses" and is serving Defendants—presumably with the motion—"immediately after filing of this [m]otion." (ECF No. 5 at PageID 45.) However, absent confirmation that these are Defendants' email addresses and that the emails are received, there

4

For these reasons, because there is no indication that Plaintiff has served Defendants with a summons and copy of the Complaint, Plaintiff's request for a preliminary injunction is premature and cannot be granted. Plaintiff may refile the motion once it properly serves Defendants and provides proof thereof.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 5) is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 4, 2023

---

can be no determination that this would accomplish notice to Defendants so as to provide them with an opportunity to be heard on Plaintiff's motion. *See Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 246 (6th Cir. 2011) (citations omitted) (indicating that Rule 65(a)(1) requires notice and an opportunity to be heard and preliminary injunctions entered without such notice are generally dissolved).