UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAOWEI YANG,

               Plaintiff,                        Case No. 23-cv-13001
                                                    Honorable Linda V. Parker

v.

SHENZEN HONGRANGRUI
TECHNOLOGY CO. LTD and
SHENZHENSHIHEQILIANS-
HENGJISHUYOUXIANGONGSI,

               Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER [ECF NO. 8]

On November 27, 2023, Plaintiff Haowei Yang filed this copyright infringement action against Defendants. (ECF No. 1.) In the Complaint, Plaintiff claims that Defendants sell video game controllers infringing on Plaintiff's controllers which are protected by copyright registrations registered in the United States and China. (*See generally id*.) The Complaint alleges two counts of copyright infringement in violation of the federal Copyright Act, 17 U.S.C. § 501.

Before the Court is Plaintiff's ex parte motion for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65(b) and 17 U.S.C. § 502. (ECF No. 8.) Having reviewed Plaintiff's pleading, the brief in support of

his motion, his declaration, and other materials submitted in support of the motion, the Court is granting Plaintiff injunctive relief.

## I.    Factual Background

Plaintiff is an individual domiciled in the People's Republic of China.  (ECF No. 1 at PageID. 1, ¶ 1; ECF No. 9 at PageID. 92.)  Defendants sell video game controllers on Amazon, targeting their business activities to consumers throughout the United States, including Michigan.  (ECF No. 1 at PageID. 2, ¶¶ 3, 4, 6.)  Plaintiff believes Defendants are citizens or businesses domiciled in the People's Republic of China.  (*Id*. at PageID. 1, ¶ 2.)

Plaintiff individually developed artwork for video game controllers, which include "flashes of light" emanating from a circular area surrounding the joystick controllers.  (*Id*. ¶ 9; ECF No. 9 at PageID 94, ¶¶ 2, 11.)  This artwork has made Plaintiff's products popular, with more than two million controllers sold since Plaintiff began selling them on May 24, 2022.  (ECF No. 1 at PageID. 3, ¶ 10; ECF No. 9 at PageID. 93, 94, ¶¶ 7, 14.)  Plaintiff sells the video game controllers in the United States on ecommerce platforms, such as Amazon.  (ECF No. 9 at PageID. 94, ¶ 13.)

The artwork and photographs of the artwork incorporated into Plaintiff's video game controllers are protected by United States and China copyright registrations, owned by Plaintiff.  (ECF No. 1 at PageID. 2, 4-5, ¶¶ 11, 14-17; *see*

*also* ECF Nos. 1-2, 1-3; ECF No. 9 at PageID 92-94, ¶¶ 3-5, 8-12.) Specifically, United States Copyright Registration No. VAu 1-506-850 ("the '850 copyright registration"), owned by Plaintiff, covers two photographs showing game controllers having Plaintiff's artwork. (ECF No. 1 at PageID. 4, ¶ 15; ECF No. 1-2.) The specific copyrighted photographs are:



(*See* ECF No. 1 at PageID. 4, ¶ 14.) United State Copyright Registration No. Va 2-371-475, titled "Lightning Artwork for Game Controller," protects Plaintiff's 2D artwork on video game controllers as shown here:



(*See id*. at PageID 4-5, ¶¶ 16, 17; ECF No. 1-3.)

Plaintiff has reviewed video game controllers sold by Defendants, which were acquired by purchase from Defendants' stores on Amazon.com.  (ECF No. 9 at PageID. 94, ¶ 15.)  Defendants' controllers, pictured below, substantially copy Plaintiff's artwork.  (*See id*. at PageID. 94-96, ¶¶ 15-18; ECF No. 1 at PageID. 3-4, ¶¶ 12-13.)  Like Plaintiff's video game controllers, Defendants' controllers have "flashes of light" similar to lightning emanating from a "power center," the circular area surrounding the controller's two joysticks.  (ECF No. 9 at PageID. 95, ¶ 18; ECF No. 1 at PageID. 3-4, ¶¶ 12-13.)



Defendants' controllers are packaged in boxes, shown below, displaying Plaintiff's protected photographs.  (ECF No. 9 at PageID 95, ¶ 16; ECF No. 1 at

4

PageID. 3, 5-6 ¶¶ 12, 18.)  In connection with the advertising and sale of their

products, Defendants also use a photograph identical to Plaintiff's copyrighted

photographs.  (ECF No. 1 at PageID. 5, ¶ 18.)



Based on Plaintiff's investigation, Defendants began selling their video

game controllers using the above pictures and artwork on August 16, 2023.  (ECF

No. 9 at PageID. 96, ¶ 20.)  Since that time, Plaintiff has lost sales of about 40%.

(*Id*. ¶ 20.)

## II.    Legal Standard for Temporary Restraining Orders

A temporary injunction may issue, including without notice, under Federal

Rule of Civil Procedure 65(b).  The Copyright Act also authorizes temporary and

final injunctive relief.  *See* 17 U.S.C. § 502(a).  Under either authority, the plaintiff

must satisfy the four well-known factors considered in determining whether to

issue a preliminary injunction.  *See Northeast Ohio Coal. for the Homeless v.*

*Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Belushi v. Woodward*, 598 F. Supp.

36, 37 (D.D.C. 1984) (citing *Virginia Petro Jobbers Ass'n v. Fed. Power Comm'n*,

259 F.3d 921, 925 (D.C. Cir. 1958)).  "Those factors are: (1) whether the movant

has a strong likelihood of success on the merits; (2) whether the movant would

suffer irreparable injury absent [an injunction]; (3) whether granting [the

injunction] will cause substantial harm to others; and (4) whether the public

interest would be served by [issuing the injunction]."  *Northeast Coal. for the*

*Homeless*, 467 F.3d at 1009 (citing *Summit Cnty. Democratic Cent. and Exec.*

*Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Nader v. Blackwell*, 230

F.3d 833, 834 (6th Cir. 2000)).  "These factors are not prerequisites that must be

met, but are interrelated considerations that must be balanced together."  *Id*.

(quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d

150, 153 (6th Cir. 1991)).

## III.    Analysis

### A.    Likelihood of Success on the Merits

To succeed on a claim for copyright infringement in violation of § 501, a

plaintiff must show "(1) ownership of a valid copyright, and (2) copying of

constituent elements of the work that are original."  *ECIMOS, LLC v. Carrier*

*Corp.*, 971 F.3d 616, 628 (6th Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel.*

*Serv. Co.*, 499 U.S. 340, 361 (1991)).  Plaintiff establishes his ownership in valid

copyrights covering the artwork incorporation within and the photographs of his

video game controllers.  Registration of a valid copyright constitutes "prima facie

6

evidence that the work is entitled to protection." *Id*. (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004)).

As to the second element, "[o]riginality" is "the *sine qua non* of copyright[.]" *Kohus v. Mario*l, 328 F.3d 848, 853 (6th Cir. 2003) (quoting *Feist Publ'ns, Inc.*, 499 U.S. at 348); *see also ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022) (quoting *Feist Publ'ns*, 499 U.S. at 348) ("[C]opyright protection extends 'only to those components of a work that are original to the author'—those components 'independently created' and that possess 'some minimal degree of creativity.'"). "Original means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Kohus*, 328 F.3d at 853 (ellipsis omitted) (quoting *Feist Publ'ns*, 499 U.S. at 345). When deciding "whether copying is actionable, courts must 'identify and eliminate those elements that are unoriginal and therefore unprotected.'" *ACT*, 46 F.4th at 499 (quoting *Kohus*, 328 F.3d at 853).

Where there is no direct evidence that the defendant copied the plaintiff's work, the "plaintiff may establish 'an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Id*. at 853-54 (quoting *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999)). Plaintiff demonstrates access. His video game

7

controllers have been sold on public ecommerce websites, such as Amazon, since 2022.

The Sixth Circuit has adopted a two-step approach to evaluate whether the works at issue are substantially similar. *See Enchant Christmas Light Maze & Mkt., Ltd. v. Glowco, LLC*, 958 F.3d 532, 537 (6th Cir. 2020) (citing *Kohus*, 328 F.3d at 855). The court "must first identify which aspects of [the plaintiff]'s works, if any, are protectible by copyright." *Id*. (citing *Kohus*, 328 F.3d at 855). Next, the court "must determine whether the allegedly infringing works, or elements of those works, are substantially similar to [the plaintiff]'s protected works, or protected elements of [the plaintiff]'s work." *Id*. (citing *Kohus*, 328 F.3d at 855).

At the first step, the court "filters out the unoriginal, unprotectible elements—elements that were not independently created by the inventor, and that possess no minimal degree of creativity." *Id*. (quoting *Kohus*, 328 F.3d at 855). Plaintiff created the artwork which includes flashes of light similar to lightning emanating from the circular lighted areas surrounding the game controller joysticks. The Court finds these elements to be "expression[s]" which "display the stamp of [Plaintiff]'s originality." *Id*. (quoting *Harper & Row Publishers, Inc. v. Nat'l Enters.*, 471 U.S. 539, 547 (1985)). While lightning is found in nature, *see id*. at 538 (explaining that "[i]deas[] first expressed by nature" are not protectible

8

by copyright) (brackets added), Plaintiff's use of multiple lightning bolts, as well as their coloring and positioning, render his artwork original.

With respect to the second step, "[t]wo works are substantially similar when 'they are so alike that the later (unprotected) work can fairly be regarded as appropriating the original expression of the earlier (protected) work.'" *Id*. at 539 (quoting *Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 67 (1st Cir. 2009)). "Courts 'consider substantial similarity from the viewpoint of the intended audience[.]'" *Id*. (quoting *Kohus*, 328 F.3d at 858). This "is 'normally the lay public, or the ordinary reasonable person[.]'" *Id*. (quoting *Winfield Collection, Ltd. v. Gemmy Indus., Corp.*, 147 F. App'x 547, 554 (6th Cir. 2005)). The Court believes the public—or more particularly, a consumer purchasing video game controllers—would find Plaintiff's and Defendants' controllers and photographs advertising those controllers substantially similar.

Therefore, there is a strong likelihood that Plaintiff will succeed on his copyright infringement claims.

## B.    Immediate and Irreparable Injury

There is a rebuttable presumption of irreparable harm in the case of copyright infringement once a likelihood of success of the merits is found. *ACT*, 46 F.4th at 503; *see also Sony/ATV Publ'g, LLC v. Marcos*, 651 F. App'x 482, 487 (6th Cir. 2016) (citing *Lexmark*, 387 F.3d at 532-33) ("In a copyright infringement

9

action[,] a plaintiff establishes a rebuttable presumption of irreparable harm by demonstrating a likelihood of success on the merits.").

### C.   Substantial Harm to Others

The harm in issuing the TRO against Defendants is not outweighed by the harm Plaintiff will suffer if his copyrights continue being infringed.  Defendants are not entitled to sell infringing products.  *See ACT*, 46 F.4th at 505 (quoting *Disney Enters., Inc. v. VidAngel Inc.*, 869 F.3d 848, 867 (9th Cir. 2017)) ("illegal conduct does not merit significant equitable protection").  Third parties will not be harmed by an injunction as video game controllers will be available for purchase even if Defendants are precluded from selling their infringing products.

### D.   Public Interest

The public interest is served by the issuance of the injunction.  "The public has a compelling interest in protecting copyright owners' marketable rights to their work," and "in protecting 'the economic incentive to continue creating.'"  *Id*. at 505 (brackets and additional citation omitted) (quoting *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012)).

## II.   Conclusion, Ex Parte Relief and Bond

In summary, the Court finds that the relevant factors favor the issuance of a TRO.  The Court also finds good reasons to enter the order ex parte.  Specifically, Plaintiffs have attempted to locate Defendants, without success.  The email

addresses obtained through Defendants' ecommerce sites have yielded no response.  Further, an ex parte order will inhibit Defendants' ability to destroy, transfer, and/or conceal relevant evidence such as the infringing products and financial and other business documents.  Notice of the order also would enable Defendants to conceal their identifies before Plaintiffs are able to secure relief.

Before issuing an injunction, however, the Court must consider an appropriate bond to be posted by Plaintiff.  *See* Fed. R. Civ. P. 65(c).  Rule 65 generally requires such security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained[.]"  Fed. R. Civ. P. 65(c).  A court may "dispense with the bond requirement where there has been no proof of likelihood of harm' to those enjoined."  *Lego A/S v. Zuru, Inc.*, 799 F. App'x 823, 837 (Fed. Cir. 2020) (quoting *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004)).

The Court does not believe Defendants will likely suffer no harm if it is later determined that they are being wrongfully enjoined.  Plaintiff seeks to enjoin Defendants' sales of their video game controllers and Plaintiff claims Defendants have taken 40% of Plaintiff's sales in only a few months, thereby suggesting that substantial business activity will be halted.  At this time, the Court finds a bond in the amount of $ 5,000.00 to be sufficient.  If Defendants believe the amount is insufficient to protect them from any resulting harm, they may seek to increase that

11

amount and it will be their burden to make that showing.  *See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 987, 911 (N.D. Ill. 2015) (citations omitted); *see also Lego A/S*, 799 F. App'x at 837-38 (quoting *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 556 & n. 82 (S.D.N.Y. 2006), *aff'd* 246 F. App'x 73 (2d Cir. 2007)) ("The burden is on the party seeking security to establish a rational basis for the amount of the proposed bond.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an ex parte temporary restraining order (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants, and all those acting in concert or participation with them are **TEMPORARILY ENJOINED** and **RESTRAINED**, directly or indirectly from:

(1)  Displaying "Photograph A" below, or any picture substantially similar to "Photograph "B" below, in any way in connection with Defendants' advertising and sale of video game controllers:

12



Photograph A



Photograph B

(2)  Advertising and selling any video game controllers including both (a)

the artwork which includes flashes of light similar to lightning emanating from the

circular lighted areas surrounding the game controller joysticks, as specifically

shown below, and (b) any other artwork that is substantially similar to Plaintiff's copyrighted design:



These include, but are not limited to, Defendant Shenzhen Hongfangrui Technology Co. Ltd.'s video game controller marked X003Y2FYDP and Defendant SHENZHENSHIHEQILIANSHENG- ) JISHUYOUXIANGONGSI's video game controller marked with the code X003THJSHD.

     **IT IS FURTHER ORDERED** that this Temporary Restraining Order is binding on Defendants, their agents, servants, employer(s), employees, any entity with which they are employed or affiliated, and those in active concert or participation with them who receive actual notice of this Opinion and Order.

**IT IS FURTHER ORDERED** that, within five (5) business days of the entry of this Order, Plaintiff shall post with the Clerk of the Court in the form of a bond, cash, or check the sum of $5,000.00, as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of a wrongful restraint hereunder.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 12, 2023