UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAOWEI YANG,

        Plaintiff,                          Case No. 23-cv-13001
                                                    Honorable Linda V. Parker

v.

SHENZEN HONGRANGRUI
TECHNOLOGY CO. LTD and
SHENZHENSHIHEQILIANS-
HENGJISHUYOUXIANGONGSI,

        Defendants.
_____/

## OPINION AND ORDER ORDER EXTENDING TEMPORARY RESTRAINING ORDER

On December 12, 2023, this Court issued an opinion and order granting Plaintiff's motion for a temporary restraining order.  (ECF No. 10.)  On the same date, Plaintiff posted a surety bond of $5,000 in accordance with the Court's decision.  The TRO is set to expire within 14 days of its entry.  *See* Fed. R. Civ. P. 65(b)(2).  The Court, however, finds good cause to extend the TRO as Plaintiff apparently has not been able to serve Defendants with a summons and a copy of the Complaint or at least provide them notice of the proceedings in order to seek a preliminary injunction.

Federal Rule of Civil Procedure 65(b)(2) allows a court to extend the expiration date of a TRO for good cause.  *See id.*  The rule provides that the

extension may not exceed 14 days.  *See id.*  Nevertheless, courts have allowed for

longer extensions where "the moving party has exercised good faith in seeking [a]

preliminary injunction hearing, but has been unsuccessful, and . . . the danger of

irreparable injury continues."  *Almetals, Inc. v. Wickeder Westfalenstahl, GMBH*,

No. 08-10109, 2008 WL 624067, at *2 (E.D. Mich. Mar. 6, 2008) (quoting *Maine*

*v. Fri*, 483 F.2d 439, 441 n.1 (1st Cir. 1973) (citing 11A Wright & Miller, Fed.

Practice & Procedure, § 2953 (1995)) (extending TRO "until further order of the

Court"); *see also Nail Alliance, LLC v. Vishine Enter. Ltd.*, No. SA CV 22-00937,

2022 WL 3013154, at *3, 5 (C.D. Cal. June 15, 2022) (extending TRO "until a

preliminary injunction hearing can be held after service of process on Defendant

through the Hague Convention can be completed"); *Samsung Elec. Co. v. Early*

*Bird Sav.*, No. 13-cv-3105, 2014 WL 324558, at *2 (S.D. Calif. Jan. 27, 2014)

(extending TRO for four months, explaining that "[w]here a plaintiff is unable to

promptly serve a foreign defendant because the only proper means of serving

defendants available to plaintiff cannot be completed within the usual deadlines, a

court may extend the TRO until proper service can be completed"); *H.D. Mich.,*

*LLC v. Hellenic Duty Free Shops S.A.*, No. 2011 WL 4368418, at *1 (E.D. Wis.

Sept. 19, 2011), *aff'd* 694 F.3d 827 (7th Cir. 2012) (finding "authority for the

proposition that, under appropriate circumstances, a court may extend a TRO

2

beyond 28 days" and extending the order "until plaintiffs have effected service on

defendant pursuant to the Hague Convention").

In the above-cited cases, the TROs were extended beyond 28 days because

the plaintiffs were required to serve the defendants through methods that usually

take some time, such as under the Hague Convention.  *See, e.g., id.*  That is the

situation in the present case, where Defendants are believed to be citizens of the

People's Republic of China.  Those courts reasoned that "[i]f a TRO were not

permitted to remain in effect until a defendant is served under the Hague

Convention[], "Rule 65 would be inoperable against foreign defendants."

*Samsung Elec.*, 2014 WL 324558, at *2 (quoting *Almetals*, 2008 WL 624067, at

*4).  As these courts further reasoned:

> Given the length of time that it can take to serve a foreign
> defendant, placing a 28-day maximum on the TRO in these
> circumstances would effectively defeat injunctive relief
> because Defendants could simply wait for the TRO to
> dissolve.  This does not appear to be the result intended by the
> Federal Rules of Civil Procedure.  Furthermore, if a TRO
> could not be extended in this narrow situation, it would reward
> defendants who are able to evade proper service and
> undermine the authority of the courts.

*Id.* (citing *Almetals*, 2008 WL 624067, at *4) (internal citations omitted); *Nail

Alliance*, 2022 WL 3013154, at *3 (quoting *Samsung Elec.*).  This reasoning is

particularly applicable in cases such as the present one, where the defendant sells

merchandise on ecommerce platforms, such as Amazon, and is able to conceal its true business identity and contact information.

Plaintiffs have attempted to locate Defendants, without success. The email addresses obtained through Defendants' ecommerce sites yielded no response. It is anticipated that Plaintiffs will need some time—especially longer than 28 days—to confirm Defendants' identities and business information and then serve them through the Hague Convention. While Plaintiffs continue their efforts to locate and serve Defendants, the TRO should remain in effect as Plaintiffs otherwise will suffer irreparable harm.

Accordingly,

**IT IS ORDERED** that the Court is sua sponte extending the TRO.

**IT IS FURTHER ORDERED** that until Plaintiff accomplishes service on Defendants or secures Defendants' consent to participate in these proceedings and the Court is able to conduct a preliminary injunction hearing, or until further order of the Court, Defendants, and all those acting in concert or participation with them are **TEMPORARILY ENJOINED** and **RESTRAINED**, directly or indirectly, from:

(1)  Displaying "Photograph A" below, or any picture substantially similar to "Photograph "B" below, in any way in connection with Defendants' advertising and sale of video game controllers:

4



Photograph A



Photograph B

(2)  Advertising and selling any video game controllers including both (a)

the artwork which includes flashes of light similar to lightning emanating from the

circular lighted areas surrounding the game controller joysticks, as specifically

shown below, and (b) any other artwork that is substantially similar to Plaintiff's

copyrighted design:



These include, but are not limited to, Defendant Shenzhen Hongfangrui

Technology Co. Ltd.'s video game controller marked X003Y2FYDP and

Defendant SHENZHENSHIHEQILIANSHENG-JISHUYOUXIANGONGSI's

video game controller marked with the code X003THJSHD.

    **IT IS FURTHER ORDERED** that this Temporary Restraining Order is

binding on Defendants, their agents, servants, employer(s), any entity with which

they are employed or affiliated, and those in active concert or participation with

them who receive actual notice of this Opinion and Order.

**IT IS FURTHER ORDERED** that every thirty (30) days, until service is effectuated, Plaintiff shall file a notice outlining the efforts it has taken to serve Defendants and the results of those efforts.

**IT IS FURTHER ORDERED** that within two (2) business days of serving one or both Defendants, or obtaining Defendants' consent to participate in these proceedings, Plaintiff shall refile its motion for preliminary injunction.

**SO ORDERED** this 26th day of December, 2023, at 8:40 a.m.

s/Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE