**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAOWEI YANG,

      Plaintiff,

vs.

SHENZHEN HONGFANGRUI
TECHNOLOGY CO. LTD, and
SHENZHENSHIHEQILIANS-
HENGJISHUYOUXIANGONGSI

      Defendants.

Civil Action No.: 23-13001

Honorable Linda V. Parker
Magistrate Judge Kimberly G. Altman

---

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR**
**DEFAULT JUDGMENT (ECF No. 32) AND PERMANENT INJUNCTION**

This is a copyright infringement case which is currently before the Court on

Haowei Yang's ("Yang") motion for entry of default judgement against

Shenzhen Hongfangrui Technology Co. Ltd ("Shenzhen") and

Shenzhenshiheqilianshengjishuyouxiangongsi ("Shenzhenshihe"), collectively

"Defendants."  (ECF No. 32.)

Yang has asked for permanent injunctive relief pursuant to 17 U.S.C. §

502(a) for his copyright infringement counts in addition to actual damages, a return

of the funds to secure the temporary restraining order, attorney's fees and costs.

(*Id.*, PageID.342-43.)  The Court held a hearing on the motion on April 2, 2025, at

1

which counsel for both parties appeared.  Defendants do not contest the motion for

default judgment.

At the hearing, the Court **GRANTED** Plaintiff's motion and now issues this

written order in line with that oral ruling.  For the reasons stated on the record and

set forth below, the Court **GRANTS** Yang's motion for default judgment (ECF

No. 32) and issues a permanent injunction.

## I.      BACKGROUND

The Court set forth the factual background of this suit in its prior Opinion

and Order Granting Plaintiff's Motion for ex parte Temporary Restraining Order.

(*See* ECF No. 10.)  The Court incorporates its prior factual recitation herein.

The Complaint in this action was filed on November 27, 2023 and includes

the following allegations.  (ECF No. 1 at PageID.7.)  Yang is the developer of a

popular video game controller, which is the subject of two U.S. Copyrights.  (*Id.* at

PageID.3.)  The first copyright was assigned the Registration Number VAu 1-506-

850 ("the '850 copyrighted photograph") and a copy of the '850 copyright

registration was attached to the Complaint.  (*Id.* at PageID.4.)  The second relevant

copyright was assigned Registration Number Va 2-371-475, ("the '475

copyrighted artwork") and a copy of the '475 copyright registration was attached

to the Complaint.  (*Id.* at PageID.5.)

In brief, Yang's artwork is a videogame controller which includes "flashes

of light" emanating from a circular area surrounding the joystick controllers.  (*Id.* at PageID.3.)  Defendants' each sell the same video controller in the same packaging and directly compete with Yang's video game controller for sales to the public.  (*Id.*)  The Complaint and the Court's prior order incorporated photographs of Yang's video game controller, in addition to the controller sold by Defendants.  (ECF Nos. 1, 10.)  The Complaint further alleges that both Defendants willfully and deliberately infringed the copyrights.  (ECF No. 1 at PageID.8.)

On December 8, 2023, Yang moved for a temporary restraining order which was granted on December 12, 2023.  (ECF Nos. 8, 10.)  On April 3, 2024, Attorney Adam Urbanczyk filed an appearance on behalf of both Defendants.  (ECF No. 15.)  A status conference was then held on June 28, 2024, and a text only order was entered which states "Defendants have 14 days in which to answer or otherwise respond to Plaintiff's complaint."  The deadline to file an answer or otherwise respond to the Complaint expired on July 12, 2024.

Defendants were ultimately served pursuant to the Hauge Convention, and certificates of service for both Defendants were filed on July 9, 2024.  (ECF Nos. 24, 25.)  A Clerk's Entry of Default for each Defendant was entered on February 14, 2025.  (ECF Nos. 29, 30.)  Defense counsel appeared at the hearing on the motion for default judgment and did not oppose Yang's motion.

## II.   JURISDICTION AND SERVICE

The Court finds that both Defendants were properly served.  Shenzhen was served on March 21, 2024, and Shenzhenshihe was served on May 31, 2024 in the Peoples' Republic of China in accordance with the Hague Convention.  The respective proofs of service were filed on July 9, 2024.  (ECF Nos. 24, 25.) Furthermore, Adam Urbanczyk appeared as counsel for both Defendants in this action on April 3, 2024 and appeared at the hearing on the motion for default judgment.  (ECF No. 15.)  It is uncontested that the Court has subject matter jurisdiction over this action, personal jurisdiction over both Defendants, and that venue is proper.

## III.   DEFAULT JUDGMENT STANDARD

For purposes of determining whether judgment by default should be entered, the Court takes all well-pleaded allegations of fact set forth in the Complaint as admitted by Defendants and should therefore enter judgment against Defendants if those factual allegations are sufficient to support a finding of liability as to Yang's claims of copyright infringement.  Fed. R. Civ. P. 8(b)(6).

To establish a claim for copyright infringement under 17 U.S.C. § 501, Plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 705 (6th Cir. 2005),

quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Specific acts of copyright infringement include reproduction, public distribution,

and public display of the copyrighted work.  17 U.S.C. §§ 106, 501(a).

A certificate of copyright registration "establishes a *prima facie* presumption

that the copyright is valid and subsisting and that plaintiff is otherwise entitled to

the protection afforded by law to the holder of a copyright."  *Nintendo of Am., Inc.
v. Elcon Indus., Inc.*, 564 F. Supp. 937, 943 (E.D. Mich. 1982) (citations omitted).

"Direct evidence of copying is rare."  *Ellis v. Diffie*, 177 F.3d 503, 506 (6th

Cir. 1999).  When no direct evidence of copying is available, a copyright owner

may establish the element of copying by showing that the defendant had access to

the copyrighted work and that the copyrighted work and the allegedly copied work

are substantially similar.  *Kohus v. Mariol*, 328 F.3d 848, 853–54 (6th Cir. 2003).

Access is essentially seeing or "having a reasonable opportunity to [see] the

plaintiff['s] work and thus having the opportunity to copy."  *Tree Publ'g Co. v.
Warner Bros. Records*, 785 F. Supp. 1272, 1274 (M.D. Tenn. 1991) (citation

omitted).

Once access has been established, the fact finder determines whether the

infringing work is substantially similar to the copyrighted work.  In so doing, "the

first step 'requires identifying which aspects of the artist's work, if any, are

protectible by copyright.'"  *Kohus,* 328 F.3d at 855, *quoting Sturdza v. U.A.E.*, 281

F.3d 1287, 1295 (D.C. Cir. 2002).  Once the original protectable elements have

been determined, the fact finder determines whether the infringing works are

substantially similar to the copyrighted works.  *Id*.  Furthermore, in cases like this

one where the audience does not possess specialized expertise, the Court is to

apply the ordinary observer test to determine substantial similarity.  *Id.* at 856–57.

In determining substantial similarity, the Court evaluates "whether the

ordinary reasonable person would fail to differentiate between the two works."  *Id.*

at 855, *quoting Monogram Models, Inc. v. Industro Motive Corp.*, 492 F.2d 1281,

1286 (6th Cir. 1974).  In cases such as this one, the ordinary observer test is

considered from the vantage point of a lay person.  *Id.* at 856–57.

## IV.    ANALYSIS

### a.  Copyright Infringement

Yang has pled that the original elements of his artwork include flashes of

light emanating from a circular area surrounding the joystick controllers, as shown

in each of Yang's copyrighted works.  The circular areas as shown appear to

represent an energy center.

The well-pleaded factual allegations by Yang demonstrate that Yang has

successfully shown that he is the owner of the '850 copyrighted photographs.

Yang also demonstrates that Defendants had access to the '850 copyrighted

photographs as they were widely available to the general public as Yang has sold

over two million of his video game controllers bearing his artwork and that

Defendants' video game controller boxes and controller sold by Defendants is

substantially similar to the '850 copyrighted photographs.  The Court finds that

Yang has established a claim for copyright infringement for infringement of

Copyright Registration No. VAu 1-506-850 in accordance with 17 U.S.C. § 501.

The well-pleaded factual allegations by Yang also demonstrate that Yang

has successfully shown that he is the owner of the '475 copyrighted artwork.  Yang

has demonstrated that that Defendants had access to the '475 copyrighted artwork

as it was widely available to the general public as Yang has sold over two million

of his video game controllers bearing his artwork and that Defendants' video game

controller boxes and controller sold by Defendants is substantially similar to the

'475 copyrighted artwork.

The Court finds that Yang has established a claim for copyright infringement

for infringement of Copyright Registration No. VA 2-371-475 in accordance with

17 U.S.C. § 501.  Furthermore, the Court finds that Yang has established that the

copyright infringement by both Defendants has been, and continues to be, willful

and deliberate.  (ECF No. 1, PageID.8.)

**b. Permanent Injunction**

A permanent injunction against Defendants is warranted to prevent

Defendants' further infringement of Yang's copyrights.  17 U.S.C. § 502(a).  A

permanent injunction is equitable in this case because: (1) Yang has demonstrated that he suffered irreparable injury; (2) legal remedies such as monetary damages are inadequate to compensate for that injury; (3) the balance of hardships favors the issuance of a permanent injunction against Defendants; and (4) the public interest would be served by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Yang will necessarily suffer irreparable injury if Defendants' acts of copyright infringement are not enjoined. In the case of copyright infringement, irreparable harm is presumed once infringement is established. *RDI of Mich., LLC v. Mich. Coin-Op Vending, Inc.*, 631 F. Supp. 2d 868, 874 (E.D. Mich. 2008) (citation omitted). The Court finds that there will be no harm to others. The removal of Defendants' infringements of Plaintiff's copyrights will not harm any third party. If an injunction is not issued, however, Plaintiff will continue to be irreparably harmed.

It is well established that "the public has an interest in upholding copyright protections." *Id.* at 875 (citation omitted). Here, enjoining Defendants' use of infringing photographs and artwork is in accordance with the public interest of protecting copyrights.

### c. Actual Damages

Furthermore, Yang is entitled to his actual damages under 17 U.S.C. §

504(b) in the form of Defendants' profits that are attributable to the infringement.

Yang has provided evidence that Shenzhen received $183,055.83 in gross revenue

because of the infringement and that Shenzhenshihe received $157,213.32 in gross

revenue.  (ECF No. 33.)

### d. Attorney's Fees and Costs

The Copyright Act provides that a district court "may, in its discretion,

award costs, including reasonable attorney fees, to the prevailing party in a civil

suit." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 (6th

Cir.2005) (citing 17 U.S.C. § 505).

The Court finds that Yang is the prevailing party in this action. As stated

above, the Court has found that Defendants' acts of infringement were willful.

Therefore, the Court concludes that Yang is entitled to reasonable attorney fees and

costs. Yang has provided an itemized list of attorney fees and costs incurred in this

matter. (ECF No. 34.)  Because the Court finds these attorney fees and costs

reasonable, an award of the same shall be made.

## V.   CONCLUSION

For all of the reasons set forth herein,

**IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default and

default judgement against Defendants is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded actual damages in accordance with 17 U.S.C. §504 as follows:

Defendant Shenzhen is liable to Plaintiff in the amount of $183,055.83 due to infringement of Plaintiff's copyrights.  Defendant Shenzhenshihe is liable to Plaintiff in the amount of $157,213.32 due to infringement of Plaintiff's copyrights.

**IT IS FURTHER ORDERED** that the Court declares this case to be exceptional as a result of the willful infringement, and awards Plaintiff's attorneys' fees in the amount of $45,202.00 for which Defendants are jointly and severally liable.

**IT IS FURTHER ORDERED** that costs are awarded to Plaintiff in the amount of $2,122.00, to be split evenly between the Defendants.

**IT IS FURTHER ORDERED** that Defendants; their officers, agents, servants, employees, and attorneys; and those persons in active concert or participation with Defendants who receive actual notice of this Injunction, by personal service or otherwise, are permanently enjoined and restrained from:

(1)    copying, duplicating, reproducing, publishing, distributing, displaying, selling, or otherwise transferring or communicating in any manner artwork for game controllers that is substantially similar to the copyrighted

photographs identified in Copyright Registration Number VAu 1-506-850 or any derivative work thereof;

(2)     copying, duplicating, reproducing, publishing, distributing, displaying, selling, or otherwise transferring or communicating in any manner artwork for game controllers that is substantially similar to the copyrighted artwork identified in Copyright Registration Number VA 2-371-475 or any derivative work thereof;

(3)  accessing, using, linking to, transferring, selling, exercising control over, or otherwise owning any Amazon.com account, eBay.com account, Alibaba.com account, or any other online marketplace account which displays Yang's copyrighted artwork or substantially similar subject matter;

(4)     inducing, enabling, or assisting in any of the above-described acts, including, but not limited to, inducing, enabling, or assisting any other person or business entity to engage in or perform any of the above-described acts, or passing on information to others to allow them to do so; and

(5)     forming or causing to be formed any business entity that engages in any of the above-described acts.

Pursuant to 17 U.S.C. § 503, Defendants must deliver to Yang for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in its possession or under its control, bearing or using the '850

copyrighted photographs or the '475 copyrighted artwork or any other simulation,

reproduction, or colorable imitation of the '850 copyrighted photographs or the

'475 copyrighted artwork, and all plates, molds, matrices, and other means of

making the same.

Defendants and their agents, employees, servants, attorneys, successors, and

assigns, and all others in privity or acting in concert therewith, must file with this

Court, and serve upon Yang's counsel within thirty (30) days after entry of

judgment, a written report under oath, setting forth in detail the manner and form

in which it has complied with the Court's judgment.

**IT IS FURTHER ORDERED** that the funds posted by Yang to secure the

TRO are hereby released and shall be returned to Yang.

This is a final order which closes this case.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 3, 2025